**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARILYN ARUCA,

      Plaintiff,

v.                                                                      Case No. 8:22-cv-381-TPB-AEP

LINDA R. ALLAN, et al.,

      Defendants.

_____/

**ORDER DISMISSING COMPLAINT AND CLOSING CASE**

This matter is before the Court *sua sponte* on Plaintiff's *pro se* complaint,
filed on February 14, 2022.  (Doc. 1).  After reviewing the complaint, court file, and
the record, the Court finds as follows:

**Background**

Plaintiff has filed this lawsuit against a state court judge and numerous
individuals involved with the estate and trust of the father of her minor child.  The
complaint appears to take issue with the probate court's entry of summary
judgment against Plaintiff in state court proceedings.  The probate court concluded
that the estate planning instruments that required Plaintiff to change the last
name of her son before he reached the age of 19 for her son to inherit from the trust
and estate were valid and did not violate public policy.

<u>Analysis</u>

***Subject Matter Jurisdiction***

It appears that the Court lacks jurisdiction over the claims asserted in the complaint because, as pled, the case falls within the probate exception to federal jurisdiction. The Supreme Court has explained that although federal courts may have jurisdiction over suits to determine certain rights against a decedent's estate, such jurisdiction exists only "*so long as the federal court does not interfere with the probate proceedings.*" *Marshall v. Marshall*, 547 U.S. 293, 311 (2006). As such, "the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." *Id*. at 311-12. Plaintiff essentially asks the Court to assume jurisdiction over the probate estate of her minor child's father by requesting injunctive relief against the state court judgment holding that the name-and-arms clause is constitutional, valid, and enforceable. This request for relief appears to fall within the probate exception to federal jurisdiction despite Plaintiff's efforts to frame her instant claims in terms of personal constitutional violations. As such, it appears that the Court lacks subject matter jurisdiction.

It is also unclear whether the Court has subject matter jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. "It is well-settled that a federal district court lacks jurisdiction to review, reverse, or invalidate a final state court decision." *Dale v. Moore*, 121 F.3d 624, 626 (11th Cir. 1997) (citations

omitted).  This jurisdictional bar "extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are 'inextricably intertwined' with a state court judgment." *Incorvaia v. Incorvaia*, 154 Fed. Appx. 127, 128 (11th Cir. 2005) (quoting *Goodman ex. rel Goodman v. Sipos*, 259 F. 3d 1327, 1332 (11th Cir. 2001)).  Recently, the Eleventh Circuit explained that the *Rooker-Feldman* doctrine "applies only when litigants try to appeal state court losses in the lower federal courts." *Behr v. Campbell*, 8 F.4th 1206, 1214(11th Cir. 2021).  Although the parties are not identical in the probate action and the instant case, Plaintiff appears to be seeking review of the state court judgment against her. To the extent that she seeks to appeal her state court losses, the Court lacks jurisdiction.

### *Judicial Immunity*

Judge Allan is a judicial officer who has been sued for her acts in her role as a judge.  She enjoys absolute judicial immunity from all acts taken in her judicial capacity.  *See, e.g., McCree v. Griffin*, 2020 WL 2632329 (11th Cir. May 20, 2020); *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018).  The scope of judicial immunity is to be construed broadly.  *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).  A judge is only subject to liability in the clear absence of all jurisdiction.  That is not the case here.  The claims against Judge Allan are dismissed with prejudice based on her absolute judicial immunity.

***Private Party Defendants***

In this purported § 1983 action, Plaintiff also names several private party defendants in her complaint.  "A private party may be considered a state actor for purposes of § 1983 only in the 'rare circumstances' that one of three conditions is satisfied: the public function test, the state compulsion test, and the nexus/joint action test." *Davis v. Self*, 547 Fed. App'x 927, 933-34 (11th Cir. 2013).

Upon review of the allegations in the complaint, the Court concludes that Plaintiff does not include allegations or claims with respect to any of the private party defendants and fails to establish whether the private party defendants are state actors for purposes of § 1983.  Furthermore, based on the facts alleged, she is unable to do so.[1]

## <u>Conclusion</u>

For all of the different reasons discussed above, this action is dismissed. Courts possess authority to *sua sponte* dismiss an action but are generally required to provide a plaintiff with notice of the intent to dismiss and give them an opportunity to respond.  *Quire v. Smith*, No. 21-10473, 2021 WL 3238806, at *1 (11th Cir. July 30, 2021) (citing *Tazoe v. Airbus S.A.S.,* 631 F.3d 1321, 1336 (11th Cir. 2011)).  "An exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous."  *Id.* (citing

---

[1] The only basis for "state action" is Plaintiff's allegation that the attorneys attempted to draft an estate plan that directly contradicted a prior order from a paternity court. However, this allegation does not establish state action under any of the tests.

*Tazoe,* 631 F.3d at 1336).  Because the complaint in this case is patently frivolous and any amendment would be futile, the case is dismissed without leave to amend.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1.  Plaintiff's complaint (Doc. 1) is **DISMISSED**.

2.  The Clerk is directed to terminate any pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this <u>22nd</u> day of February, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**